(No. 33474.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN CHISM, Plaintiff in Error.

*Opinion filed May 20, 1955—Rehearing denied September 19, 1955.*

IRVING M. WISEMAN, and EMERSON BOETZ, both of Alton, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and EDWARD R. PHELPS, State's Attorney, of Carlinville, (FRED G. LEACH, and GEORGE W. SCHWANER, JR., of counsel,) for the People.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

Defendant, John Chism, prosecutes his writ of error seeking a reversal of a judgment entered in the circuit court of Macoupin County, whereby he was sentenced to the Illinois State Penitentiary for a period of two to five years. This result followed a jury trial wherein the defendant was found guilty of the infamous crime against nature.

The uncontradicted facts in this record disclose that Lloyd Jones, age 34, and defendant, in November, 1953, invited two boys, Lewis Quirk, age 15, and Lloyd Summers, age 16, to drive into the country and engage in unnatural sex relations in violation of section 47 of division I of the Criminal Code. Ill. Rev. Stat. 1953, chap. 38, par. 141.

The defendant and Jones were separately indicted, and we have heretofore had before us the case of *People* v.

*Jones,* No. 33434. Jones was tried and convicted three months earlier than this defendant, and his conviction was affirmed by this court. In both cases, substantially the same questions were presented. It was argued in the *Jones case* that the State had failed to prove venue. What we said in holding such a contention was without merit applies here. Now we have a second jury finding that the proof was sufficient to convince them that the crime was committed in Macoupin County.

Not unlike Jones, this defendant made a motion for change of venue both from the county and the trial judge. Both failed to give proper notice to the State's Attorney. What we had to say on this issue in the *Jones case* is also applicable here.

The defendant did not testify. There was an effort made to prove insanity on the part of the accused. Mrs. Chism testified that John had had a few dates with the girls, attended church functions in groups but displayed no interest in the girls; that she had only recently learned of her son's homosexuality. Then two psychiatrists, Dr. Abraham Simon of Alton State Hospital and Dr. Groves Smith, testified for the defendant. Both were specialists in the nervous and mental disease. Dr. Smith has had supervision for the past eleven years of all major sex offenders in the Illinois penal system when they were paroled. Both testified after an examination that John Chism, since the age of fourteen years, had shown an inability to direct his sex interest along acceptable channels, in that he was a homosexual person and that he did not have the ability to choose between right and wrong because he is a compulsive neurosis. John Chism was not differently insane from any other homosexual. The legislature has found that such unfortunate mentally sick persons should be punished by imprisonment in the penitentiary. It is solely within their power to say if they are to be given special treatment. In the *Jones case,* the State elected

to introduce no evidence on the insanity issue. Nevertheless, the jury found Jones to be sane. The jury could very properly paraphrase the expert's exposition on homosexuality as follows: Homosexuals are not criminals and they should not be punished as such, but in order that the law which so classifies them can be circumvented, we will consider them as insane persons. Thus we find that two separate juries have rejected this theory of insanity.

In the instant proceeding the State in rebuttal called Dr. J. H. Davis, a local general medical practitioner of 57 years experience. Dr. Davis had encountered only one sex pervert in his half century of practice. Nevertheless his testimony was properly admissible for whatever value it might possess. It has been stated "Generally, a physician or surgeon is competent to testify as an expert on matters of insanity, based either upon his personal observation, or upon a hypothetical state of facts, although he is not a specialist in disease of the mind. 11 R.C.L. 601; 1 Wigmore, Ev. 682." 54 A.L.R. Anno. 863.

This hypothetical question was propounded to Dr. Davis: "Assuming that a person of the age of fifteen years had a homosexual experience and continued that practice for a period of nine years and is not aggressive and is only stimulated when he is in the presence of those who will co-operate, do you have an opinion as to whether or not he is sane or insane?" Dr. Davis answered, "I have an opinion as to whether or not such a person would be sane, and my opinion is that he would not be insane necessarily."

The defendant's counsel argues extensively that the trial court erred in allowing Dr. Davis to testify because of his lack of experience and meager qualifications in the field of mental disease. He also complains that Dr. Davis's answer to the hypothetical question was weak and unresponsive and should have been stricken. Both of these contentions are without merit.

The jury was fully and fairly instructed as to the law on the insanity issue. They saw and heard the witnesses and were convinced of the defendant's guilt beyond a reasonable doubt. We are not disposed to disturb their determination.

*Judgment affirmed.*